IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin R. Huddleston,<br><br>        Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>        Defendant. | C/A: 0:23-cv-2112-SAL-PJG<br><br><br>**ORDER** |

Justin R. Huddleston ("Plaintiff"), a self-represented litigant, filed this employment discrimination case in the York County Court of Common Pleas. Defendant Wells Fargo Bank, N.A. ("Defendant") removed the action to this court and then filed a motion to dismiss. [ECF Nos. 1, 5.] This matter is before the court for review of the Report and Recommendation (the "Report") of Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that Defendant's motion be granted in part and denied in part. [ECF No. 31.] Plaintiff was advised of his right to file objections to the Report, and he has done so. [ECF No. 37.] Defendant filed a reply to those objections. [ECF No. 39.]

## BACKGROUND

The magistrate judge recited the facts alleged in the complaint in the light most favorable to Plaintiff, and the court adopts those facts here. [ECF No. 31 at 1–3.] The Report also includes the applicable standards and law, which the court adopts as well. *Id.* at 3–4.

As set forth in the Report, Plaintiff's complaint "expressly invokes the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§

1

2000e *et seq.*; and the Equal Protection Clause of the Fourteenth Amendment." [ECF No. 31 at 3.] The Report goes through each of Plaintiff's claims and ultimately recommends dismissing all but the FMLA retaliation claim. As to the Title VII and ADA claims, the magistrate judge finds that there is no indication Plaintiff properly exhausted his remedies by bringing a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 5–6. Thus, the magistrate judge recommends those claims be dismissed. *Id.* The magistrate judge also recommends Plaintiff's equal protection claim be dismissed because Plaintiff "fail[ed] to allege that he is a public employee whose employment is covered by the Equal Protection Clause." *Id.* at 6. Based on a liberal construction of Plaintiff's complaint, the magistrate judge concludes that Plaintiff "fails to state an FMLA interference claim upon which relief can be granted but plausibly alleges an FMLA retaliation claim." *Id.* at 7. Notably, the magistrate judge points out that Plaintiff alleged facts that go to the FMLA interference claim in response to the motion to dismiss, but, because those facts were not part of the complaint, and Plaintiff has not asked to amend the complaint, those facts cannot be considered. *Id.* at 7–8. On the other hand, the magistrate judge finds Plaintiff plausibly alleged that Defendant retaliated against him for taking FMLA leave. *Id.* at 8–9. The magistrate judge thus recommends the court dismiss Plaintiff's FMLA interference claim but deny Defendant's motion to dismiss as to the FMLA retaliation claim. *Id.* at 6–10.

Plaintiff filed objections; Defendant filed a response; and the matter is now ripe for ruling by the court. [ECF Nos. 37, 39.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de

novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (quoting *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Again, the relevant facts and standards of law on this matter are incorporated from the Report. As set forth above, the magistrate judge recommends Defendant's motion to dismiss be granted in part and denied in part and that Plaintiff's Title VII, ADA, Equal Protection Clause, and FMLA interference claims be dismissed.

Plaintiff's objections are largely non-specific. *See* ECF No. 37. Indeed, he points to nothing he believes is erroneous in the Report. To the extent Plaintiff generally objects to the Report, Plaintiff's objections "have the same effect as would a failure to object" and are overruled. *Staley*, No. 9:07-0288, 2007 WL 821181, at *1 (citing *Howard*, 932 F.2d 505, 509); *cf. Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).

In his objections, Plaintiff focuses on the facts of his claims. Some of these facts were already presented to the court and were considered by the magistrate judge in her Report. Other facts are new. For instance, Plaintiff indicates he filed an EEOC complaint on June 12, 2023, and has an interview scheduled for February 24, 2023 at 8:45 a.m. [ECF No. 37 at 2.] He indicates "[t]he South Carolina Human Affairs was also contacted on 10/23/23." *Id.* If Plaintiff is in the process of exhausting his remedies as to his Title VII and ADA claims, he has not properly exhausted them. *See Walls v. Dillon Cnty. Det. Ctr.*, Civil Action No. 4:13-cv-02551-RBH, 2015 WL 1145231 at *5 (D.S.C. Mar. 13, 2015) ("[T]he plaintiff failed to exhaust her administrative remedies because she filed this action before receiving a right to sue letter from the

4

EEOC . . . . [T]hat claim is dismissed without prejudice."). Accordingly, to the extent that information can be construed as an objection to the magistrate judge's conclusion that Plaintiff's Title VII and ADA claims should be dismissed for failure to exhaust, that objection is overruled. The court agrees those claims should be dismissed without prejudice.

Plaintiff does not offer any arguments or facts from the complaint that would otherwise affect the magistrate judge's conclusions on dismissal of the equal protection claim or the FMLA interference claim. He asks the court to reconsider his motion to appoint counsel, but, as Plaintiff recognizes, he is not entitled to the appointment of counsel in this case. For the same reasons outlined in the court's order denying the motion for appointment of counsel, the court denies that request at this stage. [ECF No. 30.]

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. While Plaintiff did not specifically object to any part of the Report and Recommendation, the court conducted a *de novo* review of the parts of the Report to which Plaintiff's objections relate. The court hereby adopts the Report and Recommendation, ECF No. 31. For the reasons discussed above and in the Report, Defendant's motion to dismiss, ECF No. 5, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Title VII, ADA, Equal Protection Clause, and FMLA interference claims are dismissed without prejudice. Plaintiff's FMLA retaliation claim is not dismissed. This case remains with the magistrate judge for preliminary matters.

**IT IS SO ORDERED.**

November 27, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge